IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK ANTHONY JACKSON, II,**

    **Plaintiff,**

v.                                                                                  **Case No. 3:22-cv-00443**

**SUPERINTENDENT ALDRIDGE, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On October 7, 2022, Plaintiff Mark Anthony Jackson, II, proceeding *pro se*, filed a complaint against Defendants under 42 U.S.C. § 1983. (ECF No. 2). Pending before the Court is his Notice to Courts in which Plaintiff requests that the Court find Defendants Zachary Petticrew, Christopher Fleming, Christopher Wallace, and Jo Moore in default for not timely responding to his Complaint. (ECF No. 34). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned **FINDS** that good cause exists to refuse Plaintiff's request. Accordingly, to the extent that this request may be construed as a motion for default judgment, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Plaintiff's motion. (ECF No. 34).

1

I.      **Relevant Law**

Rule 12 of the Federal Rules of Civil Procedure provides the deadlines for responsive pleadings. As is relevant to this action, civil defendants are generally required to answer a complaint within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant does not respond within the proscribed time frame, the plaintiff may move for a default judgment pursuant to the two-step procedure set forth in Rule 55 of the Federal Rules of Civil Procedure. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, unless the claim is for a sum certain or a sum that can be made certain by computation, the plaintiff must move the court for entry of a default judgment. Fed. R. Civ. P. 55(b). As discussed in additional detail below, the entry of default or default judgment can be set aside by the court. Fed. R. Civ. P. 55(c).

II.     **Discussion**

In this case, Defendants Petticrew, Fleming, Wallace, and Moore were served with the summonses and complaint on December 2, 2022. (ECF Nos. 22 through 25). They were required to respond to Plaintiff's complaint within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i). However, they did not answer until January 27, 2023,[1]

---

[1] In the Notice, Plaintiff asserts that Defendants "have still yet to respond" to the Complaint, although Defendants filed an Answer on January 27, 2023, nearly one month ***before*** the Notice was docketed. (ECF No. 30). Plaintiff clearly received the Answer, as evidenced by the fact that he responded to it on January 30, 2023. (ECF No. 35 at 3). However, the undersigned takes note that the Notice was dated January 26, 2023. (ECF No. 34 at 3). It appears that Plaintiff did not have stamps to mail the Notice in January; therefore, it was not sent to the Clerk until February. (ECF No. 34-1; ECF No. 34-2). Consequently, by the time the Notice was filed, Defendants had answered the Complaint and served the Answer on Plaintiff.

making their Answer untimely. (ECF No. 30). Despite Defendants' late response, the Clerk had not entered a default against Defendants Petticrew, Fleming, Wallace, and Moore under Fed. R. Civ. P. 55(a), and the defendants answered the complaint before Plaintiff requested the entry of a default.

Regardless, the same analysis applies as if default was entered; in considering whether to set aside a default by Defendants Petticrew, Fleming, Wallace, and Moore, the Court utilizes the "good cause" standard articulated in Rule 55(c) of the Federal Rules of Civil Procedure. *F.D.I.C. v. Danzig*, No. 93-1294, 1993 WL 478842, at *2 (4th Cir. Nov. 22, 1993); *Harper v. Barbagallo*, No. 2:14-CV-07529, 2015 WL 4934749, at *3–4 (S.D.W. Va. July 17, 2015), *report and recommendation adopted,* 2015 WL 4935358 (S.D.W. Va. Aug. 17, 2015). The "good cause" standard is very similar to the "excusable neglect" standard that the Court applies to determine if a default judgment should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420–21 (4th Cir. 2010). Yet, despite the similar considerations under both analyses, the "good cause" standard is much more forgiving to defaulting parties because a final judgment has not been entered in the action. *Id.*

The decision whether to set aside an entry of default is "committed to the sound discretion of the trial court" and should be disturbed only upon a finding of an abuse of discretion. *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton,* 616 F.3d at 417 (holding that the district court abused its discretion in denying motion to set aside entry of default). When considering a motion to set

aside an entry of default, district courts assess "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.* (citing *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006)). The foregoing "good cause" or *Payne* factors are liberally construed in the defaulting party's favor "in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy*, 816 F.2d at 954 (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969)).

Considering the relevant factors, the undersigned concludes that Defendants' untimely Answer should be accepted, and good cause exists to excuse their default. First, the undersigned considers the fact that Defendants asserted potentially meritorious affirmative defenses in their Answer, including Plaintiff's failure to state a claim and Defendants' immunity. (ECF No. 30). In addition, Defendants acted reasonably promptly in rectifying their default. They filed an Answer to Plaintiff's Complaint approximately one month after the responsive pleading was due and before Plaintiff requested the entry of default. This time frame is consistent with other cases in which the defaulting party was determined to be reasonably prompt in responding to an entry of default. *See, e.g., Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14-CV-00014, 2014 WL 3748249, at *6 (W.D. Va. July 29, 2014) (discussing that district courts in the Fourth Circuit have found a defendant to be reasonably prompt when waiting 16, 17, 21, and 32 days after default was entered before attempting to set it aside) (markings and citations omitted); *Colleton*, 616 F.3d at 418 (agreeing that the plaintiff acted with "requisite promptness and diligence in

seeking to set aside the entry of default when it acted within nine days after its counsel learned of the existence of the case.").

Further, there is no indication that the delay prejudiced Plaintiff in prosecuting his case. Defendants' Answer was filed at the outset of litigation. In fact, one defendant, Bryanna Kern, has not been served in this matter, and the Answer was filed well before the first scheduling conference on February 21, 2023, which initiated the discovery process. (ECF No. 32). There are several months remaining in the discovery period. (ECF No. 33). "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton,* 616 F.3d at 418. Rather, the court must determine whether the delay resulted in missing witnesses, deceased witnesses, lost or unavailable records, or loss of other key evidence. *Lolatchy*, 816 F.2d 951, 952; *Peche v. Keller*, No. 1:11CV362, 2012 WL 2128095, at *11 (M.D.N.C. June 12, 2012). There is no allegation or evidence that any of those factors occurred in this case.

As to the remaining good cause considerations, it is unclear whether Defendants are personally responsible for their default or have a pattern of dilatory conduct, although there is no specific evidence of it. These two factors could weigh in Plaintiff's favor, but they do not overwhelm the complete lack of prejudice from the delay in Defendants' responsive pleading. Finally, regarding the last factor of the analysis, a common alternative sanction in cases such as this one is an award of attorney's fees to the party obtaining the default. *See, e.g., Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (collecting cases). However, Plaintiff has not incurred attorney's fees because he is proceeding *pro se*. Therefore, such an option is neither appropriate, nor effective. The undersigned finds that default judgment is far too drastic a remedy upon these facts, and other sanctions need not be considered.

Therefore, in light of the foregoing factors, and recognizing an overriding interest in disposing of the case on the merits, the undersigned **FINDS** that good cause exists to excuse Defendants Petticrew, Fleming, Wallace, and Moore's default in this case.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Defendants Petticrew, Fleming, Wallace, and Moore's Answer, (ECF No. 30), be deemed timely filed and Plaintiff's motion for the entry of default, (ECF No. 34), be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*,

474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED:** March 6, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge