IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARK ANTHONY JACKSON, II,

        Plaintiff,

v.                                      CIVIL ACTION NO.   3:22-00443

SUPERINTENDENT ALDRIDGE, et al.,

        Defendants.

**ORDER**

Pending before the Court is Plaintiff Mark Anthony Jackson, II's *pro se* Objection to the Proposed Findings and Recommendations ("PF&R") of the Honorable Cheryl A. Eifert, United States Magistrate Judge. ECF No. 41. In the PF&R, the Magistrate Judge found good cause exists to refuse Plaintiff's "Notice to Courts" requesting that Defendants Zachary Petticrew, Christopher Flemings,[1] Christopher Wallace, and Jo Moore be held in default for not timely responding to the Complaint. Although these Defendants did not file a responsive pleading within 21 days of service pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i),[2] the Clerk had not entered default, and these Defendants answered before the Court received Plaintiff's request for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[3]

---

[1] In the Complaint and Defendants' Answer, "Flemings" is spelled with an "s." However, it is spelled without the "s" on the return of service and in the PF&R. If the correct spelling omits the "s," Defendants should file a motion to correct the spelling.

[2] Defendants' responsive pleading was due on December 23, 2022, but they did not file an Answer until January 27, 2023.

[3] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

In his objections, Plaintiff complains that he attempted to seek default before Defendants filed their Answer, but he was unable to do so because the staff at the Huttonsville Correctional Center, where he is incarcerated, impeded his ability to send his motion in a timely manner. Given this situation, Plaintiff asks this Court to consider his request for default as filed before Defendants answered the Complaint. As explained by the Magistrate Judge, however, even if default had been entered, it would be set aside for "good cause." *See PF&R*, at 3 (citations omitted). Specifically, the Magistrate Judge found, *inter alia*, Defendants acted with reasonable promptness after the time period for filing a responsive pleading had passed, the Answer they filed contains potentially meritorious defenses, it remains early in the litigation, and any dilatory conduct on the part of Defendants is outweighed by a lack of prejudice to Plaintiff caused by the delay. *Id*. at 4-5; *see Payne ex rel. Est. of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006) (stating, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic" (citations omitted)). For these reasons and the other reasons stated more fully in the PF&R, the Court agrees with the Magistrate Judge that a default judgment it too drastic of a remedy and there is an overriding interest in resolving this case on the merits. *See id*. at 5-6.

Accordingly, the Court **DENIES** Plaintiff's Objection to the Proposed Findings and Recommendations (ECF No. 41), **ADOPTS** and **INCORPORATES HEREIN** the Findings

---

the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

and Recommendations of the Magistrate Judge, and **DENIES** Plaintiff's "Notice to Courts" seeking default against these Defendants. ECF No. 34.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    March 22, 2023

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE