IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MARK ANTHONY JACKSON, II,**

  **Plaintiff,**

v.                Case No. 3:22-cv-00443

**SUPERINTENDENT ALDRIDGE, et. al.,**

  **Defendants.**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

Pending before the Court are Plaintiff Mark Anthony Jackson's Complaint filed pursuant to 42 U.S.C. § 1983 and Defendants' Motions to Dismiss. (ECF Nos. 2, 50, 59). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **VACATE** the Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 11); **GRANT** the Motion to Dismiss filed by Defendants Aldridge, Flemings, Gordon, Jividen, Moore, Petticrew, and Wallace, (ECF No. 50); **DENY** the Motion to Dismiss of Bryanna Kerns, as moot, (ECF No. 59); **DISMISS** the Complaint, without prejudice, against all of the defendants pursuant to 28 U.S.C. § 1915(g); and **REMOVE** this action from the docket of the Court.

1

I.      **Relevant Facts and Procedural History**

On October 11, 2022, Jackson, then an inmate at the Western Regional Jail and Correctional Facility ("WRJ"), filed the instant Complaint and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). In the complaint form, Jackson was asked to provide a history of other lawsuits he had filed in state or federal court dealing with the same facts involved in this action, or "otherwise relating to [his] imprisonment." (ECF No. 2 at 1). Jackson denied having filed any other lawsuits. (*Id.*). Based upon that representation, Jackson's indigency, and his allegations of constitutional violations occurring at the WRJ, the undersigned granted Jackson's Application to Proceed Without Prepayment of Fees and Costs, ordered the Clerk of Court to issue summonses for the defendants, and directed the United States Marshals Service to serve the defendants with process. (ECF No. 11).

In the Complaint, Jackson claims that he was subjected to an unfair disciplinary proceeding; was denied access to stamps, legal mail, his attorney, and the courts; was set up for assault by other inmates; was retaliated against for reporting an assault by an inmate; and was placed on administrative segregation. (ECF No. 2 at 4-7). He asks the Court to enforce policy at the WRJ; order Defendants to pay his medical bill from the assault; award him compensatory damages, attorneys' fees and court costs; and provide him with legal materials and notary services. (*Id.* at 7-8). He also requests an order allowing him to communicate with his wife while he is on segregation, as she acts as his assistant and legal aid for various court cases he has pending. (*Id.* at 8).

On January 1, 2023, Jackson notified the Clerk that he had been transferred to Huttonsville Correctional Center, a state correctional facility in the northern part of the state. (ECF No. 28). On January 27, 2023, Defendants Aldridge, Flemings, Gordon,

Jividen, Moore, Petticrew, and Wallace (also collectively referred to as the "WRJ Defendants") filed an Answer to the Complaint. (ECF No. 30). A scheduling conference was held on February 21, 2023, and a scheduling order was entered setting forth pretrial deadlines. (ECF Nos. 32, 33).

On April 11, 2023, the WRJ Defendants filed a Motion to Dismiss the Complaint, without prejudice, pursuant to 28 U.S.C. § 1915, the statute governing *in forma pauperis* proceedings, along with a supporting memorandum. (ECF Nos. 50, 51). The WRJ Defendants contend that—contrary to the representation made in his Complaint—Jackson is a prolific filer of civil actions and has filed more than three cases *in forma pauperis*, while incarcerated, which have been dismissed for failure to state a claim. (ECF No. 51 at 3). As such, Jackson is barred from proceeding *in forma pauperis* in this action pursuant 28 U.S.C. § 1915(g). The WRJ Defendants provide the Court with a list of Jackson's numerous cases and attach orders demonstrating that several of his lawsuits have been dismissed for failure to state a claim. (ECF No. 51 at 5-10; ECF Nos. 50-1 through 50-6).

Jackson responded to the Motion to Dismiss, challenging one of the lawsuits attributed to him. (ECF No. 55). Nonetheless, Jackson does not deny that he has filed a number of *pro se* civil actions while incarcerated, but points out that many of these cases were voluntarily dismissed at his request, rather than being dismissed for failure to state a claim. (*Id.* at 2). He also emphasizes that he paid part or all of the fees for his past filings and does not feel that they have anything to do with this case.

The WRJ Defendants replied to Jackson's response, indicating that even if Jackson is correct about the one lawsuit he did not file, there are still many other civil actions that he cannot deny. (ECF No. 57). Indeed, the WRJ Defendants cite to fourteen civil actions

3

Jackson filed in federal district courts in Ohio and Kentucky, one action in the United States Court of Appeals for the Sixth Circuit, and five cases in state circuit courts of Ohio and Kentucky. (*Id.* at 2). The WRJ Defendants claim that at least five of these civil actions were dismissed as frivolous or for failure to state a claim. (*Id.* at 3). They assert that the remedy for a violation of 28 U.S.C. § 1915(g) is dismissal of the Complaint, without prejudice, unless the prisoner can demonstrate that he is under imminent danger of serious physical injury, and they contend that Jackson simply cannot satisfy that requirement. (*Id.* at 4-6). Accordingly, they urge the Court to dismiss the Complaint.

On May 3, 2023, Defendant Kern filed a Motion to Dismiss the Complaint for failure to state a claim against her. (ECF No. 59). She argues that all of the allegations asserted against her are based on acts or omissions outside the scope of her authority. Kern states that she was merely a kitchen employee at the WRJ, and as such, she had no responsibility for the WRJ's mail, the training of its staff, the safety of prisoners, the enforcement of the WRJ's policies or disciplinary procedures, or its administrative segregation. (*Id.*). Jackson filed a response to the Motion to Dismiss, contending that Defendant Kern did have responsibilities in regard to these matters as an employee at the WRJ and claiming that she is misrepresenting her limitations. (ECF No. 60). He accuses Kern of spreading rumors to have him assaulted and of providing false testimony during his disciplinary hearing. (*Id.*).

## II.   Title 28 U.S.C. § 1915(g)

Under Title 28 U.S.C. § 1915(a), a federal court has discretion to allow a prisoner to bring a civil action without prepaying the usual fees—in other words, to proceed *in forma pauperis*—when the prisoner can demonstrate that he is unable to afford the fees. 28 U.S.C. § 1915(a). Section 1915(a) is not a *waiver* of fees, but rather gives the prisoner

4

an opportunity to pay the required fees in installments over time. "Reacting to a sharp rise in prisoner litigation, Congress in 1996 enacted the PLRA [Prison Litigation Reform Act of 1995], which installed a variety of measures designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (internal markings and citations omitted). Among these measures was an amendment to the *in forma pauperis* statute called the "three-strikes" rule, which stated as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put simply, once a prisoner has "three strikes," he is precluded from bringing another lawsuit without paying all of the required fees upfront, unless he can meet the "imminent danger" exception contained in § 1915(g). *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). A prisoner accrues a strike for any action dismissed on one of the three grounds set forth in § 1915(g),[1] regardless of whether the dismissal is with or without prejudice. *Id.* at 1724-25.

"When defendants challenge a plaintiff's *in forma pauperis* status under § 1915(g), they bear the initial burden of showing through documentary evidence that a plaintiff has

---

[1] These three grounds are also found in 28 U.S.C. § 1915(e)(2), which states:
> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal--
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

5

three prior strikes." *Scott v. Woods*, No. 6:21-CV-03142-JD-KFM, 2022 WL 17084331, at *3–4 (D.S.C. June 29, 2022), *report and recommendation adopted,* No. 6:21-CV-03142-JD-KFM, 2022 WL 17084055 (D.S.C. Nov. 18, 2022) (citing *Thompson v. Sexton*, C/A No. 7:20-cv-00454, 2022 WL 1124205, at *2 (W.D. Va. Apr. 14, 2022)). If they satisfy that burden, then the burden shifts to the prisoner to either refute the documentary evidence or establish that he is in imminent danger of serious physical injury. *Id*. As the "imminent danger" exception is narrowly construed and applied only for genuine emergencies, the bar for establishing its existence is high. *Gorbey v. Mubarek*, No. CV RDB-19-220, 2019 WL 5593284, at *2 (D. Md. Oct. 30, 2019). As explained in *Gorbey,* "the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct. Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal markings and citations omitted).

### III.   Discussion

The WRJ Defendants have identified at least three prior cases filed by Jackson while he was incarcerated in which he proceeded *in forma pauperis* under 28 U.S.C. § 1915 and had his case dismissed for failure to state a claim. (ECF No. 50-1, ECF No. 50-2, ECF No. 50-3, ECF No. 50-4). A review of Jackson's civil lawsuits on PACER, the federal judiciary's nationwide index of federal court cases, both confirms that he has filed over fifteen federal civil actions and supports the defendants' claim that Jackson has accumulated three strikes. In *Jackson v. Kentucky Dept. of Corrections,* Case No.: 3:12-cv-00528 (W.D. Ky. Aug. 28, 2012), Jackson complained that he was not being adequately

protected from other inmates at various Kentucky correctional complexes at which he was housed. *Id.,* at ECF No. 1. Jackson was permitted to proceed *in forma pauperis,* and his complaint was dismissed for failure to state a claim on January 8, 2013. *Id.*, at ECF Nos. 4, 8; *See also* (ECF No. 50-1).

In *Jackson v. Portage County Sheriff's Office Corrections Division, et. al.*, Case No.: 5:16-cv-02170 (N.D. Ohio Aug. 29, 2016), Jackson filed a complaint concerning the medical care he was receiving while incarcerated at a jail in Portage County, Ohio. *Id.,* at ECF No. 1. He was permitted to proceed *in forma pauperis,* and his complaint was dismissed on November 29, 2016. *Id.,* at ECF Nos. 6, 7, 8; *See also* (ECF No. 50-2). Notably, while the District Court recognized that Jackson's claim for injunctive relief would be mooted by his subsequent transfer to another correctional center, the Court did not dismiss the complaint on that ground. Instead, the Court explicitly dismissed the complaint for failing to state a claim upon which relief could be granted, stating "this action is dismissed pursuant to 28 U.S.C. § 1915(e)." (ECF No. 50-2 at 4, 7). Thus, the contents of the disposition leave no doubt that the dismissal was based on one of the three grounds that constitutes a strike under § 1915(g). *Blakely v. Wards,* 738 F.3d 607, 615 (4th Cir. 2013) (holding that, when counting strikes, the reviewing court looks to the language of the dismissal to see if it "rang the PLRA bells of frivolous, malicious, or failure to state a claim."). The United States Court of Appeals for the Sixth Circuit expressly agreed that Jackson's complaint failed to state a claim when it considered his application to proceed *in forma pauperis* on appeal, noting that he did not have "any non-frivolous argument that the district court erred in dismissing his action for failure to state a claim under the Eighth Amendment." *Jackson*, Case No.: 5:16-cv-02170, at ECF No. 14; *See also* (ECF No. 50-3).

7

In *Jackson v. Stark, et al.,* 3:19-cv-00005 (W.D. Ky. Dec. 12, 2018), Jackson complained about the way his legal mail was being handled at the Kentucky State Reformatory. *Id.,* at ECF No. 1. He was permitted to proceed *in forma pauperis,* and his complaint was dismissed on May 17, 2019 for failure to state a claim. *Id.,* at ECF Nos. 9, 14, 15; *See also* (ECF No. 50-4). Therefore, these three dismissals each separately constitute a strike, and together they add up to three strikes.

Jackson opposes the WRJ Defendants' motion and challenges one piece of the documentary evidence they produce in support, (ECF No. 55); specifically, a two-page document from the Franklin Circuit Court in Kentucky concerning a case filed by Mark Jackson against John Motley. (ECF No. 50-6 at 1-2). Jackson disputes that he was incarcerated in a Kentucky state correctional facility in 2004 and denies that he filed the lawsuit identified in the document. (ECF No. 55 at 1). This challenge is irrelevant, however, because the WRJ Defendants do not count *Jackson v. Motley* as a strike.

Jackson also notes that many of his civil actions were either mooted due to his transfer to another facility or were dismissed at his request; accordingly, they cannot be counted as "strikes." (*Id.* at 2). Jackson is correct that two of his federal court cases were transferred to another district; one federal case was dismissed without prejudice for failure to state a claim, but with the understanding that Jackson could file another complaint; approximately nine federal civil actions were dismissed at Jackson's request, a couple of federal cases were dismissed for failure to prosecute, and several state court cases apparently were mooted when Jackson was transferred. However, Jackson does not produce any refuting documents or raise any specific factual challenges to the three dismissals for failure to state a claim counted by the WRJ Defendants as strikes under the three-strikes rule.

8

Jackson's argument that he paid some or all of the fees in those cases is likewise unpersuasive. As stated, § 1915 is not a waiver of fees; it merely provides an installment method of paying the fees. Consequently, the statute presumes that the fees will be paid at some point, and paying them does not prevent the imposition of a strike if the case is ultimately dismissed for one of the reasons set forth in § 1915(g). The prohibition in Section 1915(g) is triggered once a prisoner has accumulated three strikes, regardless of whether or not the fees were eventually paid in the cases that were dismissed.

Plaintiff cites to *Pitts v. South Carolina,* 65 F.4th 141 (4th Cir. 2023) in support of his position, although *Pitts* has no bearing on the current situation. In *Pitts*, the district court dismissed a prisoner's civil rights complaint on initial screening because it failed to state a claim for which relief could be granted. *Id.* at 144. The court went on in its opinion to find that the dismissal constituted a "strike" under the three-strikes rule. The prisoner did not appeal the dismissal, but did appeal the court's prospective labelling of the dismissal as a "strike," arguing that the district court lacked authority to make such a designation. *Id.* On appeal, the United States Court of Appeals for the Fourth Circuit considered the narrow legal issue of whether a district court has the authority, at the time it dismisses a complaint under the PLRA, to make a binding determination that its dismissal will count as a strike in future applications of the three-strikes rule. *Id.* at 145. The Fourth Circuit agreed with the majority of other circuits in finding that a district court did not have the authority to make a *prospective* determination, because the plain language of § 1915(g) contemplated a *retrospective* analysis by a court faced with an application to proceed *in forma pauperis*. *Id.* Clearly, the situation addressed by the Fourth Circuit in *Pitts* is not the case here. This Court is a subsequent court conducting a "backwards-looking inquiry," as anticipated by the statute.

Based on the record before the Court, the undersigned **FINDS** that the WRJ Defendants have carried their burden of showing that Jackson had three prior strikes. Therefore, the burden now shifts to Jackson to persuade the Court that § 1915(g) does not apply. He has not refuted the WRJ Defendants' documentary evidence. Instead, Jackson claims in his response that at the time the complaint was filed "imminent danger of serious physical injury" had already occurred and he was being punished for reporting it. (ECF No. 55 at 3). He states that he had to see medical and dental staff and had a tooth removed due to an injury he suffered at the WRJ, and he fears that he may still come into contact with staff from the WRJ in the future, even though he is now incarcerated at Huttonsville Correctional Center, because there is a staff shortage at the West Virginia Division of Corrections. (*Id.*).

The undersigned further **FINDS** that Jackson fails to assert the "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury" necessary to satisfy the exception. *Johnson v. Warner*, 200 Fed Appx 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). At the time Jackson filed the complaint, he was housed in administrative segregation and did not describe any immediate physical danger. While he claimed to have been threatened and assaulted prior to his transfer to segregation, he did not raise any present concerns for his safety and did not request any additional safety precautions or measures. To the contrary, Jackson was more concerned with his mail and with obtaining notary services. (ECF No. 2 at 7-8). He was transferred shortly thereafter to another correctional facility located nearly 200 miles away from the WRJ. His current concerns that he might run into staff from the WRJ while he is at Huttonsville is entirely speculative; particularly, considering the distance between the

two facilities. In any event, Jackson never complained of being assaulted or physically abused by WRJ staff. His allegations were that inmates at the WRJ had threatened him and that one inmate had assaulted him. Moreover, courts have held that a prisoner cannot satisfy the imminent danger of serious physical injury standard when the only allegations of physical harm occurred at a different correctional facility. *Jacoby v. Young*, 838 Fed. Appx 508, 510 (11th Cir. 2021); *Meyers v. Miller*, No. 2:20CV467, 2022 WL 326096, at *1 (E.D. Va. Jan. 25, 2022), *appeal dismissed,* No. 22-6110, 2022 WL 3031322 (4th Cir. Apr. 28, 2022) (citing *Jones v. Sanford*, No. 3:05cv2664, 2006 WL 4470210, at *1–2, 5 (D.S.C. May 4, 2006)) (enforcing three-strikes provision where plaintiffs transfer during pendency of action rendered claims of "imminent danger" moot), *aff'd*, 210 Fed. Appx 232 (4th Cir. 2006); *White v. Corr. Med. Servs.*, No. 1:10-CV-1082, 2011 WL 1806510, at *1 (W.D. Mich. May 11, 2011) ("A prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. … In the present case, plaintiff is now incarcerated in a completely different prison.").

Jackson's Application to Proceed Without Prepayment of Fees and Costs was granted based upon his representation that he had not filed any other civil actions related to his incarceration. However, not only was that representation wildly incorrect, but Jackson has accumulated three strikes, effectively preventing him from proceeding *in forma pauperis* in this case. Jackson has not demonstrated that he is under imminent danger of serious physical injury; therefore, the undersigned **FINDS** that the Order granting *in forma pauperis* status to Jackson should be vacated. (ECF No. 11). Accordingly, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the

11

filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Finley v. Doe,* No. 5:07-CV-00807, 2008 WL 2645472, at *2 (S.D.W. Va. June 30, 2008) (quoting *Dupree v. Palmer,* 284 F.3d 1234, 1237 (11th Cir. 2002). Therefore, given that Jackson did not pay the filing fee when he initiated the instant action and he does not qualify for in forma pauperis status, the undersigned **FINDS** that his Complaint should be dismissed without prejudice.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that the Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **VACATED**, (ECF No. 11); Defendants' Motion to Dismiss, (ECF No. 50), be **GRANTED**; the Motion to Dismiss of Bryanna Kern be **DENIED**, as moot, (ECF No. 59); the Complaint be **DISMISSED**, without prejudice; and this matter be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED**:  June 12, 2023

Cheryl A. Eifert
United States Magistrate Judge