IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MARK ANTHONY JACKSON, II,

        Plaintiff,

v.                                             CIVIL ACTION NO.  3:22-0443

SUPERINTENDENT ALDRIDGE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Mark Anthony Jackson, II's *pro se* "Notice regards Docket #253755." ECF No. 65. The Court construes this filing as Plaintiff's objections to the Proposed Findings of Fact and Recommendations (PF&R) by the Honorable Cheryl A. Eifert, Magistrate Judge. In addition, Plaintiff has filed a *pro se* "Notice Defendants failed to follow court order" (ECF No. 64), in which he asserts Defendants did not provide him a copy of a specific incident report from the Western Regional Jail within seven days as directed by the Magistrate Judge. *See Order* (June 12, 2023), ECF No. 61.[1] Upon review and for the following reasons, the Court **DENIES** Plaintiff's objections in his "Notice regards Docket #253755" and **DENIES AS MOOT** Plaintiff's "Notice Defendants failed to follow court order."

In the PF&R, the Magistrate Judge recommends Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be vacated; Defendants Superintendent Aldridge, Chief of Security Flemings, Correctional Officer Gordon, Commissioner Jividen, Unit Manager Moore,

---

[1]On June 19, 2023, Defendants filed a "Notice Regarding Incident Report" (ECF No. 63), stating that the incident report Plaintiff requested does not exist.

Sergeant Petticrew, and Investigator Christopher Wallace's Motion to Dismiss be granted; and Defendant Bryanna Kern's Motion to Dismiss be denied as moot. The Magistrate Judge bases her recommendations on the *in forma pauperis* statute's "three-strikes" rule found in 28 U.S.C. § 1915(g). This statute provides, in relevant part, that a prisoner cannot proceed in a civil action without first paying all the required fees if the prisoner, while incarcerated or detained, has had three or more civil actions dismissed for being frivolous or failing to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

Upon review of Plaintiff's past civil lawsuits, the Magistrate Judge found that he had three qualifying prior actions under the "three-strikes" rule and he had not produced any documents refuting this fact. Rather, Plaintiff insisted he should be permitted to proceed with this action because he paid some of the fees from his inmate account, he was in "imminent danger of serious physical injury" when he filed his Complaint, and he still is in "imminent danger of serious physical injury." The Magistrate Judge rejected all of these arguments, and this Court agrees with the Magistrate Judge's analysis.

---

[2]This section provides, in full:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

First, a review of the docket sheet demonstrates Plaintiff filed this action, together with his Application to Proceed Without Prepayment of Fees and Costs, on October 11, 2022. ECF No. 1. Since that time, it appears that on March 9, 2023, a single payment of $1.40 was made from Plaintiff's inmate account. ECF No. 40. However, as recognized by the Magistrate Judge, § 1915 does not waive filing fees. Instead, it anticipates fees will be paid in the future through installments. *See PF&R*, at 9; 28 U.S.C. § 1915. Thus, the fact Plaintiff had $1.40 taken out of his account after he filed his Complaint is not the equivalent of paying all the filing fees upfront on the day a complaint is filed and, as set forth in the PF&R, it does not relieve him from the impact of the "three-strikes" rule.

Second, the Court finds Plaintiff has failed to demonstrate he is "imminent danger of serious physical injury." The events Plaintiff initially complained of occurred at the Western Regional Jail. In the PF&R, the Magistrate Judge accurately finds Plaintiff failed to "raise any present concerns for his safety and did not request any additional safety precautions or measures" when he filed his Complaint. Additionally, shortly thereafter, he was transferred nearly 200 miles away to the Huttonsville Correctional Center. *Id*. at 10. As a result, his concern that he may encounter staff from the Western Regional Jail at the Huttonsville Correctional Center is purely speculative. *Id*. at 10-11. "Moreover, courts have held that a prisoner cannot satisfy the imminent danger of serious physical injury standard when the allegations of physical harm occurred at a different correctional facility." *Id.* at 11 (collecting cases).

In his objections, Plaintiff asserts he is experiencing the same problems at the Huttonsville Correctional Center as he did at the Western Regional Jail. Specifically, Plaintiff

states he faces "verbal abuse" and "threats from staff here at HCC and had a PREA incident here then removed off unit for safety reasons." *Notice regards Docket #253755*, at 2. However, these bare allegations do not satisfy the "imminent danger of serious physical injury" test and, in any event, to the extent his Complaint is against officials at the Western Regional Jail, those officials no longer have any control or responsibility over him at the Huttonsville facility.[3]

Accordingly, for the foregoing reasons, the Court **DENIES** the objections set forth in Plaintiff's *pro se* "Notice regards Docket #253755" (ECF No. 65), **ADOPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 62), **VACATES** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 11), **GRANTS** Defendants' Motion to Dismiss (ECF No. 50), **DENIES AS MOOT** Defendant Bryanna Kern's Motion to Dismiss (ECF No. 59), **DISMISSES** this action **WITHOUT PREJUDICE**, and **DIRECTS** that it be removed from the docket of the Court. Additionally, as this case is dismissed, the Court **DENIES AS MOOT** Plaintiff *pro se* "Notice Defendants failed to follow court order." ECF No. 64.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Cheryl A. Eifert, Magistrate Judge, counsel of record, and any unrepresented parties.

ENTER: August 18, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] It appears that all Defendants except "Commissioner Jividen" worked at the Western Regional Jail. Nevertheless, as Plaintiff has not demonstrated he is in "imminent danger of serious physical injury," he cannot proceed in this action against any Defendant, including Commissioner Jividen.